1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

| UNITED STATES OF AMERICA, | : | 14-CR-000576 |
| --- | --- | --- |
| | : | (ILG) |
| -against- | : | |
| | : | United States Courthouse |
| | : | Brooklyn, New York |
| | : | |
| KASAGAMA STEELE, | : | |
| | : | Wednesday, October 14, 2015 |
| DEFENDANT. | : | 3:45 p.m. |

- - - - - - - - - - - - - - - X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE I. LEO GLASSER
UNITED STATES DISTRICT COURT JUDGE


A P P E A R A N C E S:

| For the Government: | ROBERT L. CAPERS, ESQ.<br>Acting United States Attorney<br>BY: **DAVID PITLUCK, ESQ.**<br>**ASSISTANT UNITED STATES ATTORNEY** |
| --- | --- |
| FOR THE DEFENDANT:<br>KASAGAMA STEELE | BY: **CHARLES HOCHBAUM, ESQ.** |


**Court Reporter:**   Angela Grant, RPR, CRR
                     Official Court Reporter


Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

*Angela Grant, RPR, CRR*
*OFFICIAL COURT REPORTER*

*Proceedings* 2

1              (In open court.)
2              (Time Noted: 3:45 p.m.)
3              (Defendant present in open court.)
4              COURTROOM DEPUTY:  Criminal cause for pleading.  The
5     United States versus Kasagama Steele.
6              And, counsel, please state your appearances for the
7     record.
8              MR. PITLUCK:  Good afternoon, again, Your Honor.
9     For the United States, David Pitluck.
10             MR. HOCHBAUM:  Good afternoon, Your Honor.  Charles
11    Hochbaum for Mr. Steele.
12             THE COURT:  Are you ready to proceed, Mr. Hochbaum?
13             MR. HOCHBAUM:  We are, Judge.
14             THE COURT:  Mr. Steele wishes to plead to Counts
15    Three and Five of the superseding indictment; is that correct?
16             MR. HOCHBAUM:  One and Three, Judge.
17             THE COURT:  What?
18             MR. HOCHBAUM:  I think it's One and Three.
19             THE COURT:  One and Three, I'm sorry.
20    K A S A G A M A    S T E E L E, having been sworn, testified as
21    follows:
22             COURTROOM DEPUTY:  Please state your full name.
23             THE DEFENDANT:  My name is Kasagama Steele.
24             THE COURT:  Mr. Steele, you just took an oath to
25    tell the truth so everything you're going to say to me should

*Proceedings* 3

1  be truthful.
2          THE DEFENDANT:  Yes, sir.
3          THE COURT:  Because it's a crime of perjury to tell
4  a lie after you swore to tell the truth.
5          Do you understand?
6          THE DEFENDANT:  Yes, sir.
7          THE COURT:  How old are you?
8          THE DEFENDANT:  30 -- 29 years old, sir.
9          THE COURT:  How far have you gone in school?
10         THE DEFENDANT:  College.
11         THE COURT:  How much?
12         THE DEFENDANT:  Two years community college.
13         THE COURT:  Have you taken any medicines or pills or
14 drugs --
15         THE DEFENDANT:  No, sir.
16         THE COURT:  -- of any kind in the past day or two?
17         THE DEFENDANT: No, sir.
18         THE COURT:  Been under the care of a physician for
19 any reason in the past few days?
20         THE DEFENDANT:  No, sir.
21         THE COURT:  Have you ever been treated for or
22 hospitalized for any mental or emotional illness?
23         THE DEFENDANT:  No, sir.
24         THE COURT:  You understand everything I've been
25 saying to you so far?

*Proceedings* 4

THE DEFENDANT:  Yes, sir.

THE COURT:  You're satisfied with the representation you've been getting from Mr. Hochbaum?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any questions about anything I've asked you so far?

THE DEFENDANT:  No, sir.

THE COURT:  Understand why you're here?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr. Hochbaum, do you have any questions about Mr. Steele's competence to participate in these proceedings?

MR. HOCHBAUM:  No.

THE COURT:  I'll make a finding to that effect.

I'm told you want to plead to two counts of this superseding indictment.  The first is Count One, which reads, "On or about and between January 1st and January 16th of 2013, those dates are approximate and inclusive, within the Eastern District of New York and elsewhere."  The Eastern District of New York, Mr. Steele, defines the geographic area over which this court has jurisdiction.  So the Eastern District of New York includes all of Brooklyn, all of Queens, all of Staten Island and all of Nassau and Suffolk Counties.

So between January 1st and 16 of 2013, within that geographic area and elsewhere, the charge is that you and

1  Ringo Delcid, together with others, knowingly and
2  intentionally conspired to obstruct, delay and effect commerce
3  and the movement of articles and commodities of commerce by
4  robberies, namely, of robbery of a narcotics trafficker in
5  Brooklyn, New York in violation of the federal statutes.
6         And the second charge of Count Three reads
7  essentially the same, except the dates are different.  It
8  reads on or about and between July 1st and July 11 of 2013,
9  within the Eastern District of New York, you, Ringo Delcid and
10 Benjamin Hall, together with others, knowing and intentionally
11 conspired to delay and effect commerce and the movement of
12 articles of commerce and articles of commerce by robbery -- by
13 the robbery of a narcotics trafficker in Queens, New York.
14        You've discussed those charges at some length with
15 Mr. Hochbaum?
16        THE DEFENDANT:  Yes.
17        MR. PITLUCK:  Your Honor, I'm sorry to interrupt.
18 But the defendant is also pleading guilty to a lesser included
19 charge of Count Five.
20        THE COURT:  Yes.
21        MR. PITLUCK:  I apologize for not correcting you
22 earlier, Judge.
23        THE COURT:  Yes.  I'm sorry.
24        And Count Five, Mr. Steele, charges that on or about
25 July 10th of 2013 within the Eastern District of New York, you

*Proceedings* 6

and Ringo Delcid and Benjamin Hall, together with others, knowingly and intentionally used and carried one or more firearms during and in relation to the crimes charged in Counts One -- and Counts Three and Four.  And you knowingly and intentionally possessed those firearms in furtherance of those crimes of violence in violation of the United States laws.

Before I can accept your plea, I have to make certain that you understood a variety of rights as you stand here today, and I'm going to try and explain them to you.  And if there's anything that I'm explaining to you that you don't quite understand, don't hesitate to tell me.

THE DEFENDANT:  All right.

THE COURT:  And the first thing I want to make sure that you understand is that just as you did on some prior occasion when you were here and I asked you how you pleaded to the charges, you said then that you're not guilty of them and you can continue to say that here this afternoon, say that you're not guilty of these crimes.

And if you do, there'll be a public trial.  It will be a trial to a jury.  It will be a trial that will be held within the time the law requires trials to be held.  You'll be represented by your lawyer at that trial.  And at that trial you'd be presumed innocent of the charges against you which means that you wouldn't have to prove that you're innocent.

*Proceedings* 7

You'd be presumed innocent. You wouldn't have to prove anything. The government would have to prove that you committed these crimes, that you're guilty of them. And the government would have to prove it so that all 12 members of the jury would be satisfied beyond a reasonable doubt that you've committed those crimes.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: At that trial you would have the right to confront your accusers, which means you have the right to face the witnesses against you, see who they are. And Mr. Hochbaum would have the right to cross-examine those persons for you. And you'd have the right to object to any evidence which he believes the rules of evidence should not allow the court to hear.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: At that trial too you could, if you wanted to, testify under oath for yourself. You'd have witnesses summoned here to testify for you. You could offer such evidence at that trial as you think would be useful to you, but you don't have to do any of those things.

You have a right to remain silent at your trial. And if you did remain silent, said nothing, did nothing, offered no evidence on your behalf, I would instruct the jury

that they must not infer that you're guilty because you're not saying anything, not explaining why you're even sitting in the courtroom or offering any evidence on your behalf.

I would instruct the jury that the Constitution of the United States gives you the right to remain silent because it gives you the privilege against self-incrimination. In more homely terms, that means a person can't be forced to convict himself out of the words of his own mouth.

Do you understand all that?

THE DEFENDANT: Yes, sir.

THE COURT: If you plead guilty this afternoon and if I accept that plea, you'll be giving up these rights that I've just explained to you. There won't be a trial and the government is not going to be called upon to prove that you committed these crimes and prove it so that a unanimous jury is satisfied beyond a reasonable doubt that you did. You won't have had the opportunity to see who the witnesses against you would be. A finding of guilty will be made this afternoon. You'll be sentenced on another day.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I said a minute ago, Mr. Steele, if you plead guilty and if I accept your plea, and what I had in mind when I said that was the requirement that the law imposes upon me to make sure that person who tells me he's guilty, in fact,

*Proceedings*  9

is, and that I'm not accepting a plea of guilty from an innocent person. And so I'll ask you some questions about these charges somewhere along the line this afternoon. And to the extent that you'll answer them, you may convict yourself out of the words of your own mouth, be giving up your right to remain silent that I've explained.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Did Mr. Hochbaum tell you that the maximum sentence on Count One and Count Three that the law provides for is imprisonment up to 20 years on each count?

THE DEFENDANT: Yes, sir.

THE COURT: Did he tell you that?

THE DEFENDANT: Yes, sir.

THE COURT: And that a maximum term of supervised release of up to three years can be added to any term of imprisonment on each of those counts?

THE DEFENDANT: Yes, sir.

THE COURT: Do you know what supervised release is?

THE DEFENDANT: Yes, I do, sir.

THE COURT: And did he also tell you that a fine could be imposed which would be $250,000 or twice the amount of gain that you may have realized from the crimes with which you're charged? Did he tell you that?

THE DEFENDANT: Yes, sir.

*Proceedings* 10

1    THE COURT:  And the law requires that you pay a
2 special assessment of a hundred dollars which is mandatory.
3 Mr. Hochbaum explained that to you?
4    THE DEFENDANT:  Yes, sir.
5    THE COURT:  Do you know what that's for?
6    THE DEFENDANT:  Yes, sir.
7    THE COURT:  Really?
8    THE DEFENDANT:  Yeah.  To, um, have the case be
9 sealed and go forward and stuff like that.
10    THE COURT:  No.  Why is there a hundred dollar
11 special assessment being imposed?  It's mandatory.  What's
12 that for?
13    It's a -- it's a fund that's provided for criminals,
14 a special fund to provide -- to be provided for a prisoner in
15 the event that becomes appropriate and necessary.
16    And you've also agreed to forfeit, I guess, the
17 guns.  That's one of the penalties to be imposed for
18 Counts One and Three.
19    Mr. Hochbaum told you that as well?
20    THE DEFENDANT:  Yes, sir.
21    THE COURT:  Did I say criminals?  It's the Crime
22 Victims Fund.  I'm sorry.
23    MR. HOCHBAUM:  Crime victims, yes.
24    THE COURT:  I'm sorry.
25    And with respect to the gun charge, Count Five, did

*Proceedings* 11

1  Mr. Hochbaum tell you the maximum sentence is life
2  imprisonment?
3            THE DEFENDANT:  Yes, sir.
4            THE COURT:  And there's a mandatory minimum of five
5  years?
6            THE DEFENDANT:  Yes, sir.
7            THE COURT:  Did he tell you that?
8            THE DEFENDANT:  Yes.
9            THE COURT:  And the term of supervised release that
10 could be added is five years instead of three.  The fine is
11 the same, 250,000 or twice the amount of gain.  A special
12 assessment of a hundred dollars as well.  And there's a
13 forfeiture provision which is also to be applied.  So the
14 special assessment would be $300.  And all the sentences
15 imposed to Counts One and Three may run consecutively.  And
16 the sentence on Count Five must run consecutively to
17 Counts One and Three.
18           Do you know what that means?
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Did Mr. Hochbaum talk to you about
21 something he called or referred to as guidelines?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  And some estimate or prediction was made
24 for you?
25           THE DEFENDANT:  Yes, sir.

*Proceedings* 12

1  THE COURT: As to what the guidelines in your case
2  might be?
3  THE DEFENDANT: Yes, sir.
4  THE COURT: I just want to make sure that you
5  understand that whatever the numbers given to you were,
6  they're just predictions or estimates or educated guesses
7  based upon what's known about you as you stand here today. I
8  don't know, as I talk to you, Mr. Steele, what your sentence
9  will be. I just won't know that until after I've had a chance
10 to study your presentence report.
11     Do you know what that is?
12 THE DEFENDANT: Yes, I do, sir.
13 THE COURT: And if after I've studied a presentence
14 report and the sentence I impose is higher than what has been
15 predicted for you or estimated for you, you're understandably
16 unhappy about that, you won't be able to permit -- you won't
17 be able to withdraw a plea that you'll enter here today.
18     Do you understand that?
19 THE DEFENDANT: Yes, sir.
20 THE COURT: Do you have any questions about anything
21 I've explained so far?
22 THE DEFENDANT: No, sir.
23 THE COURT: Mr. Hochbaum, do you know of any reason
24 why Mr. Steele shouldn't plead to those three counts?
25 MR. HOCHBAUM: I do not, Judge.

*Proceedings* 13

1  THE COURT: And how do you plead to Counts One,
2  Three and Five?
3  THE DEFENDANT: Guilty, Your Honor.
4  THE COURT: And you're telling me that because you
5  are?
6  THE DEFENDANT: Yes, sir.
7  THE COURT: Nobody's forcing you to say that?
8  THE DEFENDANT: No, sir.
9  THE COURT: And you've entered into an agreement
10 with the government in consideration of that plea, a plea
11 agreement?
12 THE DEFENDANT: Yes, sir.
13 THE COURT: You went over that with Mr. Hochbaum?
14 THE DEFENDANT: Yes, sir.
15 THE COURT: Do you want me to go over it with you as
16 well?
17 THE DEFENDANT: No. It's fine. He went over it --
18 THE COURT: Just let me go over one or two things
19 with you just to make sure you understand, and I make sure
20 that you understood them as well.
21 THE DEFENDANT: Okay.
22 THE COURT: In paragraph 4 you've agreed that you
23 won't appeal any sentence which I may impose if the sentence
24 is not more than 131 months.
25 Did you understand to agree to that?

1   THE DEFENDANT:  Yes, sir.

2   THE COURT:  And you know what it means to give up
3 your right to appeal?

4   THE DEFENDANT: Yes, sir.

5   THE COURT:  And you're giving up that right
6 voluntarily?

7   THE DEFENDANT:  Yes, sir.

8   THE COURT:  And you remember when you went over to
9 paragraph 4 you also agreed that you won't file a petition
10 pursuant to what is referred to here as Section 2255 of Title
11 28 of the United States Code.

12   Do you know what those numbers mean?

13   THE DEFENDANT:  No, sir.

14   THE COURT:  Do you know what that was about?

15   THE DEFENDANT:  No.

16   THE COURT:  That statute refers to what is generally
17 known as a writ of habeas corpus.  It permits a person who has
18 been convicted of a crime, after he's been sentenced, to file
19 a petition to assert some irregularity, some mistake that was
20 made, either legally or in some other way at some stage in
21 these proceedings.

22   And you've agreed that you're not going to allege or
23 claim that there was something legally wrong or there was some
24 fault with all the proceedings which have taken place in this
25 case from the time that you were indicted until after the time

*Proceedings* 15

1  you've been sentenced.  That's what you're giving up.
2              THE DEFENDANT:  Understood.
3              THE COURT:  And you're doing that voluntarily?
4              THE DEFENDANT:  Yes, sir.
5              MR. HOCHBAUM:  Just with the caveat, Judge, that if,
6  of course, if Mr. Steele decides to file a 2255 on the issue
7  of ineffective assistance, he's allowed to do that.
8              THE COURT:  Right.  You can, if you believe it's the
9  right thing to do and something that you wish to do at some
10 later time after you've been sentenced, allege that you've
11 been denied the effective assistance of counsel.
12             Have you been satisfied with the representation
13 you've been getting from Mr. Hochbaum?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  I don't think there's anything else
16 specific that I want to acknowledge that you understand.
17             Do you have that signed plea agreement there,
18 Mr. Hochbaum?
19             MR. HOCHBAUM:  I do, Judge.
20             THE COURT:  Would you show Mr. Steele the last page.
21             Do you see your signature there that you recognize?
22             THE DEFENDANT:  Yes, sir.
23             THE COURT:  Which one?
24             THE DEFENDANT:  That of my own.
25             THE COURT:  Before you put your signature on that

*Proceedings* 16

1  line, could you read what was said right above it.
2             THE DEFENDANT:  I have read the entire agreement
3  and discussed it with my attorney.  I understand all of its
4  terms and am entering into a knowingly and voluntarily.
5             THE COURT:  And you certified to that when you
6  signed this plea agreement, yes?
7             THE DEFENDANT:  Yes.
8             THE COURT:  Yes?
9             THE DEFENDANT:  Yeah.
10            THE COURT:  Has anybody made any promises to you as
11 to what your sentence will be, Mr. Steele?
12            THE DEFENDANT:  No, sir.
13            THE COURT:  Now, with respect to Counts One and
14 Three, those are counts in which you're charged with the crime
15 of conspiracy.  If you had gone to trial, the government would
16 have had to prove two things with respect to each of those
17 counts if a jury would have been justified in finding you
18 guilty of those two charges.
19            A conspiracy, to begin with, is simply defined as an
20 agreement, that's the key word of a conspiracy, an agreement
21 between you and one or more other people.  In this case
22 between you and Ringo Delcid or between you and Delcid and
23 Hall, an agreement to commit a crime, that's what a conspiracy
24 is.
25            THE DEFENDANT:  Yes, sir.

*Proceedings* 17

1    THE COURT: And with respect to Counts One and Three
2 you're charged with agreeing with Delcid in Count One and
3 Delcid and Hall in Count Three, agree to rob a drug dealer,
4 narcotics trafficker. That's what the government would have
5 to prove.
6    THE DEFENDANT: Understood.
7    THE COURT: So the first thing the government would
8 have to prove is that there was such an agreement. There was
9 a meeting of the minds, an understanding that you had with
10 respect to Count One with Delcid, Ringo Delcid. And in Count
11 Three, with Ringo Delcid and Benjamin Hall.
12    With respect to Count One, did you have an
13 agreement, an understanding, a meeting of the minds with Ringo
14 Delcid that between January 1st and 16th of 2013 you were
15 going to rob a drug trafficker in Brooklyn, New York?
16    THE DEFENDANT: Yes, sir.
17    THE COURT: And you were -- entered into that
18 agreement fully understanding what you were agreeing to and
19 you agreed to it voluntarily?
20    THE DEFENDANT: Yes, sir.
21    THE COURT: Now, with respect to Count Three, is it
22 also true that between July 1st and July 11th you and Ringo
23 Delcid and Benjamin Hall agree that you were going to rob a
24 drug dealer in Queens, New York, and you entered into that
25 agreement voluntarily, knowingly as well; is that correct?

*Angela Grant, RPR, CRR*
*OFFICIAL COURT REPORTER*

*Proceedings* 18

1    THE DEFENDANT:  Yes, sir.
2    THE COURT:  And in both of those cases the robbery
3  that you agreed to commit would effect interstate commerce
4  and -- is that correct -- the government would have to prove
5  that.  And what that means, essentially, Mr. Steele, is with
6  respect to the robbery counts, the government would have to
7  prove that whatever it is he may have gained from the robbery
8  or the drugs involved in the robbery are things which moved
9  from one state to another, across the New York State border.
10 The government would have to prove that as well.
11     And with respect to Count Five, the charge is that
12 you -- this is not a conspiracy now, this is the substantive
13 defense -- that you and Ringo Delcid and Benjamin Hall
14 knowingly and intentionally used and carried one or more guns
15 in connection with and in relation to the crimes of violence
16 that you pleaded to in Counts One and Three.
17     And that was on July 10th of 2013; is that true?
18     THE DEFENDANT:  Yes, sir.
19     THE COURT:  Was that in Queens or Brooklyn?
20     THE DEFENDANT:  Queens, Your Honor.
21     THE COURT:  And the government would have to prove
22 the interstate commerce effect as well.  Guns that you were
23 carrying, the government will prove were not manufactured in
24 New York.  Most guns are not.
25     You understand that?

*Proceedings* 19

1  THE DEFENDANT: Yes, sir.
2  THE COURT: Mr. Potluck. Pitluck.
3  MR. PITLUCK: Nothing further, Your Honor. Thank
4  you.
5  THE COURT: Mr. Hochbaum.
6  MR. HOCHBAUM: Nothing further, Judge.
7  THE COURT: Mr. Steele is fully advised of his
8  rights. I'm satisfied he understood them. With that
9  understanding, he knowingly and voluntarily pleaded guilty to
10 Counts One, Three and Five of that superseding indictment
11 which was numbered 14-576 S2 as a factual basis for his plea
12 and I'll accept it.
13     Do you need a date?
14 THE COURTROOM DEPUTY: Sentencing on January 27th at
15 11:00 a.m.
16 MR. PITLUCK: That's fine with the government.
17 MR. HOCHBAUM: That's fine, Judge.
18 THE COURT: Thank you very much. I'll see you in a
19 couple months.
20 THE DEFENDANT: Thank you.
21     (Time noted: 3:56 p.m.)
22     (Proceedings adjourned.)
23
24
25